IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ANTHONY DAVID CULY, <br><br> Defendant. | Case No.: 3:99-cr-00219-AN-1 <br><br> OPINION AND ORDER |

Defendant Anthony David Culy moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, defendant's motions are DENIED.

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The "compassionate release" exception, however, permits a court to modify a term of imprisonment when the following conditions are met: (1) the defendant has fully exhausted all administrative remedies; (2) "extraordinary and compelling reasons warrant" a sentence reduction; (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[;]" and (4) the reduction is warranted after considering the applicable factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). A court must find that a defendant satisfies all requirements before granting a motion for compassionate release and may deny a motion for compassionate release if any requirements are not satisfied. *United States v. Wright*, 46 F.4th 938, 946 (9th Cir. 2022).

A.   **Administrative Exhaustion**

Section 3582(c)(1)(A) requires a defendant to fully exhaust all available administrative remedies before they may seek relief before a court. The administrative exhaustion requirement is met when:

> "(1) the Director of the BOP has filed the motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and either (a) the inmate has 'fully

1

exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf,' or (b) 30 days have elapsed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate."

*United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)) (alterations in original).

The exhaustion requirement is a mandatory-claim processing rule, not a jurisdictional bar, and as such, the requirement is waivable. *Id.* at 1282. However, when the administrative exhaustion requirement is properly raised by the government, a court must enforce the requirement. *Id.*

**B.    Extraordinary and Compelling Reasons**

The Federal Sentencing Guidelines (the "Guidelines") provide criteria for determining whether extraordinary and compelling reasons exist justifying compassionate release. In determining whether compassionate release is warranted, this Court must consider the following criteria:

"Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

> (1) Medical Circumstances of the Defendant.—
>    (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>    (B) The defendant is—
>        (i) suffering from a serious physical or medical condition,
>        (ii) suffering from a serious functional or cognitive impairment, or
>        (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>    (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>    (D) The defendant presents the following circumstances--
>        (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>        (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical

    complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
    (iii) such risk cannot be adequately mitigated in a timely manner.

(2) Age of the Defendant.—The defendant
  (A) is at least 65 years old;
  (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and
  (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.—
  (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
  (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
  (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
  (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
  (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
  (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

(5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b).

The Ninth Circuit previously held that "the [former] version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant" and as a result, "[t]he Sentencing Commission's statements in [former] U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2021)). Therefore, "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

U.S.S.G. § 1B1.13 was amended on November 1, 2023, and now reflects that a defendant may file a motion for compassionate release. The Ninth Circuit has not yet spoken on whether the new version of U.S.S.G. § 1B1.13 is an applicable policy statement, although it has continued to cite *Aruda* favorably. *See, e.g.*, *United States v. Gonzalez*, No. 23-634, 2024 WL 705711, at *2 (9th Cir. Feb. 21, 2024) (quoting *Aruda*, 993 F.3d at 802) ("While Section 1B1.13 is not binding, it 'may inform a district court's discretion' for compassionate release motions."); *United States v. Holmes*, No. 23-420, 2023 WL 8108461, at *1 (9th Cir. Nov. 22, 2023) (quoting *Aruda*, 993 F.3d at 802) ("[A]lthough § 1B1.13 is not binding, it 'may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant.'"); *cf. United States v. Naki*, No. CR 20-00054 HG-01, 2024 WL 4145638, at *3 (D. Haw. Sept. 11, 2024) (collecting cases) ("Since the amendments, *Aruda* is no longer good law to the extent that it held that the policy statements of the United States Sentencing Commission are not binding on motions for compassionate release."); *United States v. Arcila*, 716 F. Supp. 3d 1052, 1055 (D. Or. 2024) ("Thus, *Aruda*

4

is no longer good law to the extent that it held that the policy statement is not binding on motions filed by defendants. A defendant must show extraordinary and compelling reasons to reduce the sentence consistent with the policy statement."), *reconsideration denied*, 2024 WL 2048643 (D. Or. May 6, 2024). Regardless of whether U.S.S.G. § 1B1.13 is binding, U.S.S.G. § 1B1.13(b)(5) serves as a "catchall provision for other circumstances" than those listed in in § 1B1.13 that, "alone or when combined with circumstances from the specified categories, are 'similar in gravity.'" *United States v. Schirm*, No. 3:21-CR-00076-HZ, 2024 WL 2799607, at *2 (D. Or. May 22, 2024) (quoting U.S.S.G. § 1B1.13(b)(5)).

The Guidelines permit a court to consider changes in the law, including amendments to the Guidelines, in determining the extent of a sentence reduction, but a change in the law alone "shall not be considered" in determining whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13(c). The Ninth Circuit has held that changes in post-sentencing decisional law, including non-retroactive changes, may be considered when assessing whether extraordinary and compelling circumstances exist. *United States v. Roper*, 72 F.4th 1097, 1103 (9th Cir. 2023); *see also Concepcion v. United States*, 597 U.S. 481, 484 (2022) ("[T]he First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act."). Courts in the Ninth Circuit may also consider non-retroactive changes in sentencing law when assessing whether extraordinary and compelling circumstances exist. *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022).

Rehabilitation, by itself, is not an extraordinary and compelling circumstance, but may be considered in combination with other circumstances. U.S.S.G. § 1B1.13(d).

In addition to outlining extraordinary and compelling reasons to reduce a sentence, the Guidelines require a court to determine that the defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that the sentence reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(a).

**C.    18 U.S.C. § 3553(a) Factors**

When deciding a motion for compassionate release, a court "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted

5

'under the particular circumstances of the case.'" *Wright*, 46 F.4th at 945 (internal citation and quotation marks removed). The factors include,

> "among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants."

*Id.* at 945 n.4 (citing 18 U.S.C. § 3553(a)).

## BACKGROUND

On September 12, 2000, defendant pleaded guilty to conspiracy to manufacture more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). He was sentenced to a term of 360 months of imprisonment and five years of supervised release. J. & Commitment, ECF [118], at 2-3.

On December 28, 2001, defendant filed a motion to vacate or correct his sentence. ECF [150]. The Court denied that motion. ECF [184].

On January 22, 2024, defendant filed a motion for compassionate release and a motion for appointment of counsel. Mot. for Compassionate Release ("Mot."), ECF [309]. The Court granted the motion for appointment of counsel. Order of Jan. 26, 2024, ECF [311]. Defendant then sought and received an extension of time to file, now through counsel, a supplemental brief. On May 6, 2024, defendant filed a supplemental motion to reduce his sentence. Suppl. Mot. to Reduce Sentence ("Suppl. Mot."), ECF [319]. His projected release date from federal custody at USP Hazelton is June 3, 2025. Suppl. Mot. 2-3. Defendant has an Oregon detainer based on a state court sentence that runs concurrently, and his projected release date from state custody, to begin after his release from federal custody, is September 2, 2028. *Id.*

## DISCUSSION

**A.     Administrative Exhaustion**

Defendant states that he has administratively exhausted his claim and attaches a copy of the request for relief he filed with the Warden of USP Hazelton on May 5, 2023. Mot. Ex. 1. The

government contends that defendant's administrative exhaustion is not sufficient because he did not articulate his extraordinary and compelling reasons and any subsequent motion must be based on the same grounds in the BOP request. Gov't Resp., ECF [325], at 6.

Assuming that defendant did not explain the bases for his request, he has still administratively exhausted his claim. The response from the USP Hazelton warden explained that that defendant's request was denied because he had "an active detainer with the Oregon Department of Corrections which must be resolved before [his] RIS can be processed." Mot. Ex. 1. This response indicates that the warden denied the request for any possible articulable reason because of the detainer. As such, defendant properly brought his motion before the Court.

**B.     Extraordinary and Compelling Reasons**

Defendant argues that he is entitled to compassionate release due to a combination of circumstances. First, he argues that he has served an unusually long sentence under U.S.S.G. § 1B1.13(b)(6). Suppl. Mot. 8. He has served most of a thirty-year sentence. Defendant was sentenced when the sentencing guidelines were mandatory, and no downward variance was available. *Id.* at 8-9 (citing *United States v. Booker*, 543 U.S. 220, 244 (2005)). After *Booker*, the average sentence a methamphetamine trafficking defendant with the same guideline offense level and criminal history score as defendant went down to 259 months. *Id.* at 9. In addition, defendant notes that the First Step Act, passed after his conviction, reduced the mandatory minimum sentence for a prior conviction for a felony drug offense from twenty to fifteen years. Mot. 6-7 (all references to ECF pagination).

Defendant also asserts that his chronic back pain and issues related to aging constitute medical conditions that meet the criteria for extraordinary and compelling reasons. Suppl. Mot. 10. Defendant's mother is in her mid-seventies and also suffers from serious back problems. *Id.* at 11. Defendant argues that her inability to travel and his desire to provide support for her constitute family circumstances that support a reduction in sentence. *Id.* Finally, defendant argues that the Court should take into account the harsh conditions he endured while incarcerated during the pandemic. *Id.*

7

An unusual aspect of this case is that, due to the Oregon detainer and defendant's scheduled Oregon custody, any reduction in sentence will not reduce the amount of time spent in prison. Instead, it will increase the proportion of his time served in state custody, closer to his family and support network. Defendant argues that a return to Oregon for the remainder of his sentence will serve rehabilitative purposes by building personal and employment relationships leading up to his release. Suppl. Mot. 7.

The government characterizes the motion as a "veiled request for transfer" in light of the fact that defendant will be transferred to Oregon custody rather than released immediately. Gov't Resp. 7 (citing *United States v. Buhl*, No. CR 88-490-KSM-1, 2022 WL 17905312 (E.D. Pa. Dec. 22, 2022)). In *Buhl*, which is not binding on this Court, a defendant serving a life sentence in federal custody moved for compassionate release so that he might serve out the remainder of his sentence in Pennsylvania custody. The court characterized that request as one for transfer and found that it lacked authority to order a transfer or change the designation of place of imprisonment. *Buhl*, 2022 WL 17905312, at *3. The government also argues that, even if the Court has authority to hear the motion, defendant's sentence was not unusually long given the severity of his offense and his criminal history; defendant's medical issues are being adequately managed in custody; defendant does not allege that he is the only caregiver available for his family; and together, these circumstances do not constitute extraordinary and compelling reasons. Gov't Resp. 10-4.

It is not clear why the *Buhl* court believed it lacked authority to grant a motion for compassionate release, even if that motion might affect defendant's custody location. Regardless, unlike in *Buhl*, defendant here is not serving a life sentence, so this motion does address the length of his federal sentence rather than simply determining where he will continue to serve a life sentence. The Court has authority to decide the motion. Considering all circumstances in combination, the Court finds that they are not similar in gravity to the extraordinary and compelling reasons delineated in U.S.S.G. § 1B1.13(b). The Court commends defendant's significant rehabilitation and post-release planning. Defendant has undertaken a great deal of training and treatment to prepare himself to rejoin the community after release.

His circumstances combined, however, are not similar in gravity to those provided for in U.S.S.G. § 1B1.13(b)(1) through (4), as required to warrant a sentence reduction.

**C.      18 U.S.C. § 3553(a) Factors**

Defendant argues that the relevant sentencing factors weigh in favor a reduction in his sentence. As previously discussed, the reduction would not actually change the amount of time defendant spends in custody because he will be transferred to state custody after release. The length sentence itself, representing the seriousness of the offense, need for punishment, and deterrence effect, are not affected by a reduction in the federal sentence. Suppl. Mot. 12-13. He argues that the lengthy federal sentence he has already served has been more than sufficient to serve the purposes of sentencing. *Id.*

Defendant has undertaken significant work toward rehabilitation. He has earned his GED and completed an 8,000-hour apprenticeship program in plumbing. Mot. 9; Suppl. Mot. 13. Defendant has completed residential drug and alcohol treatment and maintained employment throughout his incarceration. Mot. 9. He states that he has secured employment and housing in preparation for his return to the community. Suppl. Mot. Ex. G. Defendant provided a release plan indicating that he will be working and living with a private sheet metal contractor doing kitchen equipment installations as well as letters from friends, family, and his future employer supporting his release. Mot. Exs. 2-3. Defendant also notes that he has had a "very minimal" disciplinary history despite his lengthy sentence. *Id.* at 9.

The government opposes, noting that the nature and circumstances of defendant's offense were serious and that he as a lengthy criminal history preceding that offense. Gov't Resp. 16-17. It suggests that defendant may have ongoing substance abuse concerns in light of his BOP disciplinary record. *Id.* at 18. The government maintains that the sentence as imposed meets sentencing goals and appropriately reflects the seriousness of the offense.

Taken together, the relevant sentencing factors weigh against a sentence reduction. Defendant has clearly engaged in significant personal growth and development. However, the length of the sentence as set reflects the seriousness of the offense and defendant's criminal history.

## CONCLUSION

For the foregoing reasons, defendant Anthony David Culy's Motion for Compassionate Release, ECF [309], and Supplemental Motion to Reduce Sentence, ECF [319], are DENIED.

IT IS SO ORDERED.

DATED this 25th day of March, 2025.

_____
Adrienne Nelson
United States District Judge